**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**(AT COVINGTON)**

| | | |
|---|---|---|
| Susan Pastor-Richard, George McMeen, Louis Meyers, and Randall Brown, | ) ) ) | Civil No. 2:12-cv-00268-WOB-JGW |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Bertelsman |
| Goodman Global, Inc., Goodman Manufacturing Company, L.P., Goodman Company, L.P., | ) ) ) ) | Mag. Judge Wehrman |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................... 1

I. PLAINTIFFS' BREACH OF WARRANTY CLAIMS MUST BE DISMISSED ............ 1

    A. Plaintiffs Failed To Meet Their Pre-Suit Notice Burden ...................................... 1

    B. Limitations In The Warranties Expressly Bar The Relief  Plaintiffs Seek ............ 3

        1. The Limited Remedy Has Not Failed Its Essential Purpose ...................... 3

        2. The Limitation Is Not Unconscionable ...................................................... 4

    C. Plaintiff Pastor-Richard's Implied Warranty Claim, At A Minimum, Must Be Dismissed Because She Lacks The Essential Element Of Privity ................... 6

II. THE CONSUMER PROTECTION STATUTE CLAIMS FAIL ..................................... 7

    A. Pastor-Richard's Kentucky Consumer Protection Act Claim Is Unsustainable .................................................................................................. 7

        1. Plaintiff Has No Standing ......................................................................... 7

        2. Pastor-Richard's Claims are Time-Barred ................................................ 8

        3. The Elements Of A KCPA Claim Are Not Pled Here .............................. 9

    B. McMeen Fails To Plead A Claim Of Violation Of The Texas Deceptive Trade Practices And Consumer Protection Act ...................................................... 10

        1. McMeen's  Fails to Meet the Statute of Limitations .............................. 10

        2. McMeen  Does Not Meet His Pleading Burden On The TDTPA Claim ........................................................................................................ 12

    C. Meyers's Claim Under The North Carolina Unfair And Deceptive Trade Practices Act Fails ........................................................................................... 12

III. PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT ................ 14

CONCLUSION ............................................................................................................. 15

## TABLE OF AUTHORITIES

**Page**

CASES

*Abraham v. Volkswagen of Am., Inc.*,
795 F.2d 238 (2d Cir. 1986)......................................................................................6

*Bon Aqua Int'l, Inc. v. Second Earth, Inc.*,
No. 1:10-CV-169, 2013 WL 357469 (M.D.N.C. Jan. 29, 2013) .............................13

*Burgett v. Troy-Bilt LLC*,
No. 12-25-ART, 2012 WL 5384702 (E.D. Ky. Nov. 1, 2012) ..............................6, 7

*Carlson v. General Motors Corp.*,
883 F.2d 287 (4th Cir. 1989) ...............................................................................5, 6

*Chesbrough v. VPA, P.C.*,
655 F.3d 461 (6th Cir. 2011) ...................................................................................9

*Cook v. State Farm Mut. Auto. Ins. Co.*,
2002-CA-000801-MR, 2004 WL 2011375 (Ky. Ct. App. Sept. 10, 2004) ..............9

*Cornerstones Munitions Util. Dist. v. Monsanto Co.*,
889 S.W.2d 570 (Tex. App. 1994)..........................................................................11

*Cox House Moving, Inc. v. Ford Motor Co.*,
CA No. 7:06-1218-HMH, 2006 WL 2303182 (D.S.C. Aug. 8, 2006) .....................2

*Davis v. Global Client Solutions, LLC*,
No. 3:10-CV-322-H, 2011 WL 4738547 (W.D. Ky. Oct. 7, 2011).......................4, 5

*Deltacom, Inc. v. Budget Telecom, Inc.*,
No. Civ.A 103CV6R, 2011 WL 2036676 (E.D.N.C. May 22, 2011)......................14

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
907 S.W.2d 472 (Tex. 1995).................................................................................12

*E. Air Lines, Inc. v. McDonnell Douglas Corp.*,
532 F.2d 957 (5th Cir. 1976) ..................................................................................1

*Ellis v. Louisiana-Pacific Corp.*,
699 F.3d 778 (4th Cir. 2012) .................................................................................13

*Ford Motor Co. v. Mayes*,
575 S.W.2d 480 (Ky. Ct. App. 1978) ....................................................................6, 7

*Gooch v. E.I. du Pont de Nemours & Co.*,
40 F. Supp. 2d 863 (W.D. Ky. 1999)................................................................................3, 4

*Hathaway v. Cont'l Assur. Co.*,
No. Civ. A. 103CV6R, 2006 WL 83436 (W.D. Ky. Jan. 10, 2006).........................................8

*Heaven v. Chase Home Fin. LLC*,
No. 3:08-CV-1872-L, 2009 WL 3163546 (N.D. Tex. Sept. 30, 2009)..................................4, 5

*Hill v. BASF Wyandotte Corp.*,
696 F.2d 287, 292 (4th Cir. 1982) .......................................................................................3

*Holden v. Carolina Payday Loans, Inc.*,
No. 4:08-0182-TLW-TER, (D.S.C. July 22, 2008) ...............................................................5

*Holman v. Indiana*,
211 F.3d 399 (7th Cir. 2000) .............................................................................................15

*Kiper v. BAC Home Loans Serv., LP*,
884 F. Supp. 2d 561 (S.D. Tex. 2012) .................................................................................12

*Levin v. Trex Co.*,
No. 3:10-cv-692-CRS, (W.D. Ky. Mar. 5, 2012) ...................................................................7

*Lochinvar Corp. v. Meyers*,
930 S.W.2d 182 (Tex. App. 1996).........................................................................................2

*Maybank v. S. S. Kresge Co.*,
273 S.E.2d 681 (N.C. 1981)................................................................................................1, 2

*McIntosh v. E-Backgroundchecks.com, Inc.*,
CIV.A. 5:12-310-DCR, 2013 WL 1187038 (E.D. Ky. Mar. 20, 2013) ....................................8

*Mullins v. Wyatt*,
887 S.W.2d 356 (Ky. 1994) .................................................................................................1, 2

*Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*,
843 F. Supp. 1027 (D.S.C. 1993)........................................................................................3, 4

*Olshan Found. Repair & Waterproofing v. Otto*,
276 S.W.3d 827 (Ky. Ct. App. 2009) ....................................................................................6

*Peacock v. Damon Corp.*,
458 F. Supp. 2d 411 (W.D. Ky. 2006)....................................................................................6

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
683 F.3d 239 (6th Cir. 2012) ..............................................................................................10

*Rite Color Chemical Co. v. Velvet Textile Co.*,
   411 S.E.2d 645 (N.C. Ct. App. 1992) ................................................................................14

*Schnuerle v. Insight Commc'ns Co.*,
   376 S.W.3d 561 ..................................................................................................................5

*Shane v. Bunzl Dist. USA, Inc.*,
   200 Fed. App'x 397 (6th Cir. 2006) ..................................................................................14

*Skillcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*,
   836 S.W.2d 907 (Ky. Ct. App. 1992) ..................................................................................6

*Smith v. General Motors Corp.*,
   979 S.W.2d 127 (Ky. Ct. App. 1998) ..................................................................................6

*Wagner & Brown, Ltd. v. Horwood*,
   58 S.W.3d 732 (Tex. 2001).................................................................................................11

*Ward v. Appalachian Fed. Credit Union*,
   No. Civ. A. 06-CV-48-DLB, 2006 WL 897224 (E.D. Ky. Apr. 6, 2006) ...............................9

*WCP/Fern Exposition Servs., LLC v. Hall*,
   No. 3:08-CV-522, 2011 WL 1157699 (W.D. Ky. Mar. 28, 2011) ...........................................9

STATUTES

Ky. Rev. Stat. Ann. § 355.2-607(3)(a)................................................................................1

Ky. Rev. Stat. § 355.2-719....................................................................................................3

N.C. Gen. Stat. § 25-2-607(3)(a) .........................................................................................1

N.C. Gen. Stat. § 25-2-719 ...................................................................................................3

S.C. Code. Ann. § 36-2-607(3)(a)........................................................................................1

S.C. Code. Ann. § 36-2-719..................................................................................................3

Tex. Bus. & Com. Code Ann. § 2.607(c)(1).........................................................................1

Tex. Bus. & Com. Code Ann. § 2.719..................................................................................3

OTHER AUTHORITIES

James J. White & Robert S. Summers, *Uniform Commercial Code* § 12-10 (3d ed. 1988)............4

Plaintiffs opposed Defendants' Motion to Dismiss arguing, with minimal substantiation, that each of their claims is sufficiently pled.  For the reasons set forth in this Reply Memorandum, and for those set forth in Defendants' Memorandum in Support of their Motion to Dismiss, this Court should dismiss the Amended Complaint.

## ARGUMENT

### I.   PLAINTIFFS' BREACH OF WARRANTY CLAIMS MUST BE DISMISSED.

#### A.   Plaintiffs Failed To Meet Their Pre-Suit Notice Burden.

The law in all four jurisdictions at issue here calls for a U.C.C. pre-suit notice requirement.  *See* Ky. Rev. Stat. § 355.2-607(3)(a); Tex. Bus. & Com. Code Ann. § 2.607(c)(1); N.C. Gen. Stat. § 25-2-607(3)(a); S.C. Code. Ann. § 36-2-607(3)(a).  The purpose "is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning." *E. Air Lines, Inc. v. McDonnell Douglas Corp.*, 532 F.2d 957, 972 (5th Cir. 1976).  This condition is designed "not merely to inform the seller that his tender is nonconforming, but to open the way for settlement through negotiation between the parties." *See id.*; *Maybank v. S. S. Kresge Co.*, 273 S.E.2d 681, 684 (N.C. 1981) (cited by Plaintiffs) ("Perhaps the most important policy behind the notice requirement is enabling the seller to make efforts to cure the breach by making adjustments or replacements in order to minimize the buyer's damages and the seller's liability.").  Plaintiffs did not fulfill this duty.

Plaintiffs try to clear this hurdle by pretending that notice is not necessary here. However, the cases they cite for this position are not so unequivocal.  Indeed, Plaintiffs cite only one Kentucky case, rooted in special circumstances, where the court relaxed – but did not abandon – the pre-suit notice requirement as Plaintiffs suggest.  *See Mullins v. Wyatt*, 887 S.W.2d 356, 358 (Ky. 1994) (when there are "good and valid reasons in a proper case to refrain

-1-

from pre-litigation notice," failure to give notice will not necessarily be fatal to a breach of warranty action).[1] (Pls.' Opp. at 7.) Plaintiffs' North Carolina case law is similarly unhelpful. In *Maybank v. S.S. Kresge Co.*, 273 S.E.2d at 683, the court not only affirmed that "seasonable notification is a *condition precedent* to the plaintiff-buyer's recovery," but it also held the buyer to his burden of pleading and proving that he satisfied this condition. (emphasis added).[2]

Plaintiffs did not satisfy their burden here and they present no reason why they did not. They do not plead or argue that notice was impossible or impracticable. They do not present any basis at all to justify some special consideration or relief from this well-established condition. Thus, as a matter of law, Plaintiffs forfeited their right to pursue this cause of action. *Id.* at 684 n.1 ("When the facts are undisputed and only one inference can be drawn as to the reasonableness of the notice," the court may, as a matter of law, determine whether reasonable notice was given.). The Court should dismiss this claim as a matter of law.

**B.      Limitations In The Warranties Expressly Bar The Relief  Plaintiffs Seek.**

Plaintiffs insist that the express limitations in the warranties covering Plaintiffs' air conditioning units do not apply to them. (Pls.' Opp. at 11-12.) Plaintiffs provide no legal basis for that position.

---

[1]Plaintiff Wyatt purchased a vehicle from Defendant Mullins. Eighteen months later, police seized the vehicle from Wyatt because it had been originally stolen. *Id.* at 356. Wyatt attempted to contact Mullins in an effort to cure the matter, but learned that Mullins had moved out of state. With the help of an investigator, Wyatt located Mullins, but did not give notice to Mullins before filing suit against him. The court found that the special circumstances (*i.e.*, Mullins's sale of a stolen vehicle and subsequent departure from the state) indicated that Mullins would not likely have welcomed pre-suit notice and would have resisted recovery. In other words, notice would have prejudiced Wyatt and would not have promoted negotiations for recovery or cure. *Id.* at 358. Wyatt's unique circumstances are not in any way analogous to this matter.

[2] Other cases relied on by Plaintiffs are distinguishable. In *Lochinvar Corp. v. Meyers*, 930 S.W.2d 182, 190 (Tex. App. 1996), the plaintiff did not give notice to the defendant "by merely asking the defendant to replace a defective product," as Plaintiffs state. (Pls.' Resp. at 10.) Instead, the plaintiff had several conversations with Lochinvar's representatives concerning the excessive noise made by the boiler, and tried many times to speak directly with the company's president. *Id.* at 190. In *Cox House Moving, Inc. v. Ford Motor Co.*, CA No. 7:06-1218-HMH, 2006 WL 2303182, at *5 (D.S.C. Aug. 8, 2006), Ford retained possession of  the plaintiff's truck for four months while making several unsuccessful repairs to the engine. Nothing like that exists in this case.

**1.    The Limited Remedy Has Not Failed Its Essential Purpose.**

Plaintiffs' primary protest is that they incurred out-of-pocket expenses for third-party labor associated with the installation of the replacement coils provided by Defendants under the warranties. (Pls.' Opp. at 13.) From there they argue that the warranties fail their essential purpose because they do not provide Plaintiffs certain benefits which Plaintiffs would prefer to have. But, the limited remedy does not fail its essential purpose simply because Plaintiffs want different terms.

Plaintiffs' real objection is to warranty limitations *generally*. But, such limitations are expressly permitted by law. *See, e.g.*, Ky. Rev. Stat. Ann. § 355.2-719 (expressly allowing consequential damages to be limited or excluded, where the loss incurred is commercial and no personal injury has occurred); Tex. Bus. & Com. Code Ann. § 2.719 (same); N.C. Gen. Stat. § 25-2-719 (same); S.C. Code. Ann. § 36-2-719 (same).[3] And those limitations do not invalidate the warranty's essential purpose as Plaintiffs seem to suggest. *See, e.g.*, *Gooch v. E.I. du Pont de Nemours & Co.*, 40 F. Supp. 2d 863, 870 (W.D. Ky. 1999) ("A remedy does not 'fail of its essential purpose' simply because it limits the recovery of a particular relief sought." (citing *Hill v. BASF Wyandotte Corp.*, 696 F.2d 287, 292 (4th Cir. 1982)).

The legal inquiry necessary to determine whether the limited remedy fails its essential purpose here is just that—"whether the limited remedy as provided for by the parties fails of its purpose, rather than whether the limited remedy constituted appropriate relief or, with hindsight, objectively served the purpose of contract law." *Myrtle Beach Pipeline Corp. v. Emerson Elec.*

---

[3]Whether it is appropriate to exclude consequential damages is an entirely separate question from whether a limited remedy fails its essential purpose. *See Gooch*, 40 F. Supp. 2d at 870 ("[E]ven if the Court were to conclude that the limited remedy failed of its essential purpose, it must separately consider whether the language . . . limiting the ability to recover consequential damages is conscionable."); *Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F. Supp. 1027, 1045 (D.S.C. 1993) ("Determining the propriety of excluding consequential damages is a separate and distinct inquiry from determining whether a limited remedy may be upheld.").

*Co.*, 843 F. Supp. 1027, 1042 (D.S.C. 1993) (citing James J. White & Robert S. Summers, *Uniform Commercial Code* § 12-10, at 523 (3d ed. 1988) ("[Subsection] 2-719(2) should be triggered when the remedy fails of *its* essential purpose, not of the essential purpose of the Code or of contract law or of justice or of equity."). Defendants' limited remedy is valid and appropriate.

The cost-free replacement part resolved Plaintiffs' air conditioning problems in every scenario. They do not plead or argue otherwise. Not even in Plaintiff Brown's circumstances, which Plaintiffs highlight in their Opposition, do they show that the replacement coils ultimately failed to resolve the alleged problem. (Am. Compl. ¶¶ 73-76.) Without a showing that Defendants' limited remedy could not resolve the issue with the product, a claim that a warranty fails its essential purpose has no bite. *See Gooch*, 40 F. Supp. 2d at 870 (holding that a limited remedy fails its essential purpose where "the defect cannot be fully corrected by the repair or replacement of the defective part or product"). Plaintiffs cannot survive Defendants' motion to dismiss with this argument.

### 2.      The Limitation Is Not Unconscionable.

Plaintiffs likewise fail to demonstrate that the warranty limitations are either procedurally or substantively unconscionable. Procedural unconscionability depends on the *form* of the agreement and not, as Plaintiffs seem to imply, on the reasonableness of its content. *See, e.g.*, *Heaven v. Chase Home Fin. LLC*, No. 3:08-CV-1872-L, 2009 WL 3163546, at *4 (N.D. Tex. Sept. 30, 2009) (procedural unconscionability relates to "how the parties arrived at the terms in controversy") (copies of unreported cases are attached as Exhibit A); *Davis v. Global Client Solutions, LLC*, No. 3:10-CV-322-H, 2011 WL 4738547, at *2 (W.D. Ky. Oct. 7, 2011) ("Procedural unconscionability pertains to the process by which an agreement is reached and the form of the agreement, including the use therein of fine print and convoluted or unclear

-4-

language.") (internal quotation marks omitted).  Tellingly, Plaintiffs do not plead that the warranty limitation was concealed or disguised within the form or that its provisions were not clearly stated.  Plaintiffs do not contend that they, as purchasers of ordinary experience and education, were unable to understand the terms, or even that the limitations altered some principal bargain in an "extreme or surprising way."  *Schnuerle v. Insight Commc'ns Co.*, 376 S.W.3d 561, 576-77 (Ky. 2012); *see also Holden v. Carolina Payday Loans, Inc.*, No. 4:08-0182-TLW-TER (D.S.C. July 22, 2008) (finding that even adhesion contracts are not per se unconscionable).  They do not plead any facts showing "shocking" circumstances.  *See Heaven*, No. 3:08-CV-1872-L, 2009 WL 3163546, at *4.  Plaintiffs do not allege any procedural flaw that would rise to the level of unconscionability in any of the relevant jurisdictions.

What is more, Plaintiff Pastor-Richard's Kentucky claim fails because she—like her co-plaintiffs—also did not sufficiently plead substantive unconscionability, *i.e.*, that the contractual terms are unreasonably or grossly favorable to Defendants.  *See Davis*, No. 3:10-CV-322-H, 2011 WL 4738547, at *2.  Just as with procedural unconscionability, "[t]he grounds for substantive abuse must be sufficiently shocking or gross to compel the court to intercede." *Heaven*, No. 3:08-CV-1872-L, 2009 WL 3163546, at*4.  Plaintiff presents nothing here.

Plaintiff rests her allegations of substantive unconscionability on the warranty's damages limitations.  (Pls.' Opp. at 15.)  Her primary authority, *Carlson v. General Motors Corp.*, 883 F.2d 287 (4th Cir. 1989), is inapposite, as *Carlson* addresses the unconscionability of *durational* limitations on *implied* warranties—*not* remedy limitations and *not* in the context of express warranties.  Plaintiff identifies no other case law to support her argument that a limitation on

incidental or consequential damages is substantively unconscionable.[4]  The warranty limitations simply are not unconscionable.

> **C.      Plaintiff Pastor-Richard's Implied Warranty Claim, At A Minimum, Must Be Dismissed Because She Lacks The Essential Element Of Privity.**

Plaintiff Pastor-Richard has not, and cannot, navigate around the privity requirements necessary for her breach of warranty claims.  And, while she cites a bunch of Kentucky cases, none of the cases provides an exception to this basic requirement.  *See, e.g., Burgett v. Troy-Bilt LLC*, No. 12-25-ART, 2012 WL 5384702 (E.D. Ky. Nov. 1, 2012) (holding that breach of implied warranty claims fail because plaintiffs lack the required privity even where owner's manual sought expressly to provide warranties to the purchaser); *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827 (Ky. Ct. App. 2009) (addressing third-party beneficiary claims for repairs under a warranty in a contract and finding that, as a matter of equity, the parties could not accept the benefit of the warranty repairs without also being bound by the warranty's arbitration provision); *Peacock v. Damon Corp.*, 458 F. Supp. 2d 411 (W.D. Ky. 2006) (discussing privity briefly but only in the context of a Magnuson-Moss Warranty Act claim and a KCPA claim); *Smith v. General Motors Corp.*, 979 S.W.2d 127 (Ky. Ct. App. 1998) (addressing the evidentiary sufficiency of a material defect in a warranty claim without addressing privity); *Skillcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907 (Ky. Ct. App. 1992) (no warranty claim at issue); *Ford Motor Co. v. Mayes*, 575 S.W.2d 480 (Ky. Ct. App. 1978) (same).

In any event, even if Defendants' *express* warranty applied to Pastor-Richard, she provides no basis to sustain her *implied* warranty claim.[5]  *See Levin,* No. 3:10-cv-692-CRS,  at 6

---

[4] Even if Plaintiffs' unconscionability claim is interpreted as a challenge to other warranty limitations, Plaintiffs also fail to identify any arguments to support a claim that the durational limitations on the express warranty are substantively unconscionable or that the express limited remedy is unconscionable.  Indeed, the *Carlson* case cited by Plaintiffs states that time limitations on an express warranty may be reasonable.  *Carlson*, 883 F.2d at 294-95 (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)).

(W.D. Ky. Mar. 5, 2012) (finding breach of implied warranty claim fails in the absence of privity even where "Kentucky courts would hold that an *express* warranty action could be maintained" (emphasis added)).  Without a direct buyer-seller relationship, which she does not have, her claim for breach of an implied warranty fails as a matter of law.  *See id.* (finding no privity even "where the manufacturer's written warranty expressly stated that its warranty ran directly to the intended consumer, the 'individual residential homeowner'"); *see also Burgett*, No. 12-25-ART, 2012 WL 5384702 (holding the implied warranty claim failed for lack of privity even where plaintiffs allege that the manual expressly provided product owners with warranties).  Pastor-Richard's breach of warranty claims—at the very least, her claim of breach of the implied warranty of merchantability—should be dismissed for lack of privity.

## II.   THE CONSUMER PROTECTION STATUTE CLAIMS FAIL.

### A.   Pastor-Richard's Kentucky Consumer Protection Act Claim Is Unsustainable.

Pastor-Richard defends her KCPA claim on several fronts, none of which has enough merit to withstand Defendants' motion to dismiss.

### 1.   Plaintiff Has No Standing.

Plaintiff Pastor-Richard does not mount a substantive opposition to Defendants' standing challenge.  Instead, she argues again that the mere existence of an express warranty establishes privity for warranty claims *brought under the Kentucky U.C.C.*  (Pls.' Opp. at 28.)  But Pastor-Richard offers no reason whatsoever as to how this gives her standing to bring a claim under the KCPA, an entirely different statute.   And she provides no case law that calls into question any

---

[5] While there may be some situations in which a person not in privity with a defendant might be able to bring an express warranty claim where such has been expressly extended to that party, *see Levin v. Trex Co.*, No. 3:10-cv-692-CRS, at 4-7 (W.D. Ky. Mar. 5, 2012), because Goodman's express warranty limits its obligation to replacement parts, and because Plaintiffs seek a different remedy, their express warranty claims fail even if lack of privity does not bar the claims. *See Burgett v. Troy-Bilt LLC*, No. 12-25-ART, 2012 WL 5384702, at *6 (E.D. Ky. Nov. 1, 2012).

law cited by Defendants finding that privity is required for KCPA claims. (*See* Defs.' Mem. at 22.) *See, e.g.*, *McIntosh v. E-Backgroundchecks.com, Inc.*, Civ. A. 5:12-310-DCR, 2013 WL 1187038, at \*5 (E.D. Ky. Mar. 20, 2013) ("The plain language of the statute requires that privity of contract exist between the parties in a suit alleging a violation of the KCPA."). Pastor-Richards has no privity and therefore no standing to bring this claim. Her KCPA claim must be dismissed.

### 2.      Pastor-Richard's Claims Are Time-Barred.

To avoid dismissal for missing the applicable filing deadline, Plaintiff Pastor-Richard asks this Court to stretch the doctrine of fraudulent concealment to a crest no other Kentucky court has reached. (Pls.' Opp. at 28-29.) She reasons that because Kentucky has applied the doctrine to other statutory causes of action, this Court should apply the doctrine to her KCPA claim. (*Id.* at 29.) She cites no controlling case law.

Pastor-Richard's argument also ignores clear signals from Kentucky authorities that the doctrine of fraudulent concealment should not apply to extend the filing period for a KCPA claim. First, as she notes, the one court to consider whether fraudulent concealment applied to a KCPA claim concluded that it did not. *See Hathaway v. Cont'l Assur. Co.*, No. Civ. A. 103CV6R, 2006 WL 83436, at \*3 (W.D. Ky. Jan. 10, 2006). Plaintiff dismisses this decision as "wrongly decided" because that court looked to authority considering application of the discovery rule—not fraudulent concealment—to KCPA claims. But the *Hathaway* court was right to draw from these cases because, in the absence of authority directly on point, cases discussing the discovery rule (which, like fraudulent concealment is a means of extending the statutory filing period beyond what the legislature deemed appropriate) were the best indicators of how Kentucky courts would, and how this court should, rule on this point.

-8-

Second, the plain language of the KCPA instructs that the fraudulent concealment doctrine should not apply in this situation.  The legislature clearly deemed a two-year filing period appropriate for KCPA claims without exceptions.  *See, e.g.*, *Cook v. State Farm Mut. Auto. Ins. Co.*, 2002-CA-000801-MR, 2004 WL 2011375, at *3-4 (Ky. Ct. App. Sept. 10, 2004) (rejecting application of the discovery rule to a KCPA claim).  "While the [KCPA] may have a broad application to afford broad protection, it is also specific as to when the action must be brought."  *Id.*; *see Ward v. Appalachian Fed. Credit Union*, No. Civ. A. 06-CV-48-DLB, 2006 WL 897224, at *3 (E.D. Ky. Apr. 6, 2006) (following *Cook* and strictly construing KCPA statute of limitations).  Pastor-Richard failed to bring her KCPA claim within the statutory filing period. As a result, her claim must be dismissed.

### 3.     The Elements Of A KCPA Claim Are Not Pled Here.

Pastor-Richard's KCPA claim also fails to meet the elevated pleading requirements of Fed. R. Civ. P. 9(b).   *See Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (laying out requirements for pleading fraud with particularity); s*ee also WCP/Fern Exposition Servs., LLC v. Hall*, No. 3:08-CV-522, 2011 WL 1157699, at *11 (W.D. Ky. Mar. 28, 2011) ("Rule 9(b) requires the plaintiff to specify the 'who, what, when, where, and how' of the alleged fraud." (citation and internal quotation marks omitted).  Plaintiff acknowledges her burden, as she must (*see* Pls.' Opp. at 31), but she still falls way short of the mark.  She pleads no particular time, place, or content of the alleged misrepresentation, fraudulent scheme of which she complains, or even any fraudulent intent by the Defendants.  For example, Plaintiff makes a weak attempt at satisfying the "when" requirement by pointing to the date of purchase for her air conditioning unit, but she does not identify the time of the alleged fraud.  (Pls.' Opp. at 32.)

Further, Plaintiff presents nothing to show any fraudulent intent by Defendants.  Plaintiff makes only vague and conclusory assertions of "Goodman's" knowledge of the allegedly

defective evaporator coils.  (*See, e.g.*, Am. Compl. ¶ 3 (pleading general "complaints from consumers and . . . technicians" about leaking evaporator coils).)  Even under the forgiving standards governing state of mind in these situations, Plaintiff's allegations still do not suffice to show fraudulent intent.  *See, e.g.*, *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012) ("Although conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." (citation and internal quotation marks omitted)).  Moreover, Plaintiff's contention that Defendants had knowledge of the allegedly defective coils because she made requests for repairs is wholly irrelevant to establishing the requisite fraudulent intent by Defendants to induce Plaintiff (and the members of the putative class) to purchase Goodman units at a much earlier point in time.  (Am. Compl. ¶ 51.)  Plaintiff's vague and conclusory allegations serve only to emphasize the insufficiency of her fraud-based pleadings and the failure to satisfy Rule 9(b).

> **B.** **McMeen Fails To Plead A Claim Of Violation Of The Texas Deceptive Trade Practices And Consumer Protection Act.**

Plaintiff McMeen offers two arguments in opposition to Defendants' motion to dismiss regarding his Texas DTPA claim.  Neither argument, however, dents Defendants' concrete challenges.

> **1.** **McMeen  Fails To Meet The Statute Of Limitations.**

McMeen tries to avoid his time-bar by arguing that the *second* of his two Goodman units revealed a leak in April 2012, and therefore that time was "the earliest [he] could have discovered the defect" in that unit, thus making his claim timely.  (Pls.' Opp. at 34.)  Plaintiff is relying on a tortured, and unconvincing, interpretation of the discovery rule.  But, the very nature

-10-

of Plaintiffs' claims in this case, and Plaintiff McMeen's claims in particular, undercut this reasoning.

As the Texas Supreme Court has described, the discovery rule is a very limited exception to statutes of limitations, and should only be used when a plaintiff's injury is both "inherently undiscoverable and objectively verifiable." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). Here, Plaintiff's injury is not such that it could not have been discovered on a categorical basis within the prescribed times with reasonable diligence. *See, e.g.*, *id.* at 735 ("'Inherently undiscoverable' does not mean that a particular plaintiff did not discover his or her particular injury within the applicable limitations period. Instead, [a court] determine[s] whether an injury is inherently undiscoverable on a categorical basis." (citation omitted)). The allegedly defective evaporator coil in McMeen's four-ton Goodman unit—the unit that failed in April 2012—certainly was not itself inherently undiscoverable. In fact, McMeen and his technician supposedly discovered an identical problem in another of McMeen's units in August 2010. (Am. Compl. ¶¶ 62-63.) McMeen further pleaded that he purchased these units at the same time, and that he was aware that they were manufactured at or around the same time. (*Id.* ¶ 61.) McMeen cannot now ignore the factual events of August 2010 to circumvent the statute. Whatever claims McMeen had in 2012, he had in 2010, when by his own admission he was put on notice of possible problems with his Goodman air conditioners. *See Cornerstones Munitions Util. Dist. v. Monsanto Co.*, 889 S.W.2d 570, 576 (Tex. App. 1994) ("The discovery rule tolls the statute only until the plaintiff has knowledge of facts which through reasonable diligence would lead to discovery of the injury."). The limitations period bars McMeen's claims.

### 2.     McMeen  Does Not Meet His Pleading Burden On The TDTPA Claim.

McMeen also misses the 9(b) pleading hurdle with regard to his Texas DTPA claims. McMeen attempts to explain his deficiency by contending that his DTPA allegations do not sound in fraud.[6]  (Pls.' Resp. at 35.)  This is flatly unsupportable.  McMeen's factual allegations are offered to suggest some "false, misleading, or deceptive" acts or practices by Defendants about the quality of their products and warranties, and Defendants' failure to disclose known defects with the intent of inducing sales.  (Am. Compl. ¶¶ 113-18.)  *See Kiper v. BAC Home Loans Serv., LP*, 884 F. Supp. 2d 561, 569 (S.D. Tex. 2012) ("[T]he gravamen of the[se] claim[s] is fraud even though the theory supporting the claim[s] is not technically termed fraud," and so the heightened pleading standards of Rule 9(b) apply. (citation and internal quotation marks omitted)).

Furthermore, McMeen does not plead all of the requisite elements of his claim.  As a practical matter, he has not pled his own reliance on Defendants' allegedly deceptive representations and thus has failed to link his allegations to his injury.  (*See* Defs.' Mem. in Support, at 31.)  Without causation, McMeen's DTPA claim also fails.  *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

### C.     Meyers's Claim Under The North Carolina Unfair And Deceptive Trade Practices Act Fails.

Like the others, Plaintiff Meyers acknowledges that a UDTPA claim is premised in fraud and must be pled with particularity.  (Pls.' Opp. at 37.)  But, just like Pastor-Richard and McMeen, Plaintiff Meyers pleads nothing particular about the time, place, or content of any alleged misrepresentation or fraudulent scheme.  *Id.*  At most, he pleads alleged

---

[6] McMeen cites no Texas state court authority to support his argument that a DTPA claim is subject only to the notice pleading requirements of Rule 8.  The one Texas case he cites for this point, *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472 (Tex. 1995), does not contain the quoted language he attributes to it.  (Pls.' Opp. at 35.)

misrepresentations that Defendants supposedly made on their website during an unidentified period of time, and which are supposedly continuing in nature. (Am. Compl. ¶¶ 49, 50, 52.) His reliance on a single February 2, 2012, press release also published on the website provides him with little more. (*Id.* ¶¶ 49-50.) Mere references to a single 2012 press release and generic website representations are not particular enough to sustain his burden. Furthermore, they cannot possibly be the representations upon which Meyers allegedly relied four years earlier (in 2008) when he purchased his air conditioner. (*Id.* ¶ 65; *see also id.* ¶ 51.) No matter how lenient the court might be, Meyers just does not identify the necessary particularities of time, place, or content of any misrepresentation as to "the reliability of [Defendants'] products and the quality of [its] warranties" to satisfy Rule 9(b). (Am. Compl. ¶ 65.) *See Bon Aqua Int'l, Inc. v. Second Earth, Inc.*, No. 1:10-CV-169, 2013 WL 357469, at *12 (M.D.N.C. Jan. 29, 2013).

Meyers also takes another stab at surviving this deficit. Meyers argues that two of his allegations do not sound in fraud and therefore Rule 9(b) does not apply. (Pls.' Opp. at 37.) This position reveals two major flaws. First, by suggesting that only two of his allegations do not sound in fraud, he necessarily concedes that the other allegations do indeed sound in fraud and therefore must be pled with particularity, which he does not do.

Second, Meyers cannot establish a UDTPA claim based solely on the two UDTPA allegations that he argues do not sound in fraud, *i.e.*, the allegations that Defendants violated the UDTPA by marketing and selling defective products, and by the allegedly unconscionable warranty limitations. (*Id.* ¶¶ 122, 123.) First, a breach of contract—here in the form of selling air conditioners with an allegedly defective part—even if intentional, is not by law "sufficiently unfair or deceptive to sustain a UDTPA claim." *See Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778, 787-88 (4th Cir. 2012) (affirming dismissal of UDTPA claim because appellants "allege[d]

-13-

that [defendant] knew that [its product] would not live up to the terms of the warranty and should have disclosed this fact to consumers, but this is simply another way of claiming that [defendant] breached its express warranty to consumers"). Second, to the extent Meyers's UDTPA claim is based on so-called unconscionable warranty limitations, it must be rejected because Meyers has not sufficiently established unconscionability of the warranty limitations. *See infra* I.B.2.[7]

## III.   PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Finally, Plaintiffs fail in their opposition to salvage their improper unjust enrichment claim. Plaintiffs are wrong that a court must wait until a case has "advanced to such a stage that the court [is] able to determine whether the contract at issue [is] valid and enforceable" before dismissing an improperly pled claim for unjust enrichment. (Pls.' Opp. at 39.) The effect of an express contract on a claim for unjust enrichment arising out of the same subject matter is a question of law, and can be properly decided on the pleadings. *See, e.g.*, *Shane v. Bunzl Dist. USA, Inc.*, 200 Fed. App'x 397, 404 (6th Cir. 2006) (applying Kentucky law) (affirming the district court's decision, on a 12(b)(6) motion, that plaintiff's unjust enrichment claim was "barred as a matter of law because it was 'based on the same subject matter as his breach of contract claim.'" (quoting dismissal order)).

And, even if Plaintiffs are permitted to alternatively plead, they failed to meet the conditions for doing so. *See Deltacom, Inc. v. Budget Telecom, Inc.*, No. Civ. A. 103CV6R, 2011 WL 2036676, at *5-6 (E.D.N.C. May 22, 2011) (dismissing unjust enrichment claim when claimant failed to plead "in the alternative" to contract-based claims, incorporated by reference all other allegations, including allegations concerning the contract, failed to raise intent to plead

---

[7] North Carolina may not even recognize a UDTPA claim based on an allegation of unconscionable warranty limitations. *See Rite Color Chemical Co. v. Velvet Textile Co.*, 411 S.E.2d 645, 650 (N.C. Ct. App. 1992) ("assum[ing] without deciding that an unconscionable contract *may* provide the basis" for a UDTPA claim).

-14-

"in the alternative" until its response to motion for judgment on the pleadings, and did not make any factual allegations to support a reading of unjust enrichment claim as in the alternative); *see also Holman v. Indiana*, 211 F.3d 399, 406-07 (7th Cir. 2000) (although plaintiffs intending to plead in the alternative "need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing"). The Court should dismiss Plaintiffs' unjust enrichment claim.

## CONCLUSION

For these reasons and for the reasons set forth in Defendants' Memorandum in Support of their Motion to Dismiss, Plaintiffs fail to meet the requirements for stating the causes of action they seek to bring on their own behalf, and on behalf of a putative class. The Court should dismiss Plaintiffs' Amended Complaint in its entirety.

Dated: April 8, 2013

Respectfully submitted,

**s/ Jeffrey C. Mando**

Jeffrey C. Mando (Kentucky # 43548)
Adams, Stepner, Woltermann
& Dusing, PLLC
40 W. Pike St.
P.O. Box 861
Covington, KY 41012
Telephone: (859) 394-6200
Fax: (859) 392-7263
Email:  jmando@aswdlaw.com

Theodore M. Grossman  (Ohio # 0037591)
(admitted *pro hac vice*)
Louis A. Chaiten (Ohio #0072169)
(admitted *pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Fax: (216) 579-0212
Email: tgrossman@jonesday.com
Email: lachaiten@jonesday.com

Attorneys for Defendants, Goodman Global,
Inc., Goodman Manufacturing Company,
L.P., and Goodman Company, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2013, the foregoing Defendants' Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, and exhibit thereto, was filed electronically through the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey C. Mando
Counsel for Defendants

903299.1